UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA M. MOORE,<br><br>  Plaintiff,<br><br>vs.<br><br>MARTY JACKLEY, in his official capacity as Attorney General of South Dakota; ERNEST THOMPSON, in his official capacity as Deputy Attorney General of South Dakota,<br><br>  Defendants. | 4:25-CV-04191-ECS<br><br><br><br><br>ORDER DENYING MOTION TO RECUSE |

    Plaintiff, Joshua Moore, moves for recusal under 28 U.S.C. § 455(a). Doc. 6. Moore alleges that an "appearance of partiality" exists because this Court and Attorney General Marty Jackley are both named as defendants in a separate civil case, and because of prior recusals by this Court and others in the District of South Dakota in Moore's related cases. Id. at 1, 3–4. The motion is denied because Moore has not met his burden of demonstrating that the Court's impartiality in this action might reasonably be questioned.

    28 U.S.C. § 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The goal of section 455(a) is to avoid even the appearance of partiality." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988) (quoting Health Servs. Acquisition Corp. v. Liljeberg, 796 F.2d 796, 802 (5th Cir. 1986)). To further that purpose, the Court evaluates itself "on an objective basis, [because under § 455(a)], what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548 (1994) (emphasis removed). "[I]f a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or

prejudice has been shown," the Court must disqualify itself. Fletcher v. Conoco Pine Line Co., 323 F.3d 661, 664 (8th Cir. 2003) (quoting United States v. Tucker, 78 F.3d 1313, 1324 (8th Cir. 1996)). "[A] judge is presumed to be impartial." Id. (quoting Pope v. Fed. Express Corp., 974 F.2d 982, 985 (8th Cir. 1992)). So, "[a] party introducing a motion to recuse carries a heavy burden of proof." Id.

Although Moore proclaims that the facts he presents are "undisputed[,]" Doc. 6 at 2, many of the reasons he provides for why recusal is appropriate are based on misguided and unsupported assumptions. For instance, Moore alleges that various prior recusals warrant recusal in the current action. Id. at 3–4. But in both "recusal" situations Moore describes, no recusal occurred. First, Moore alleges that because this Court "previously recused [itself] sua sponte in another case involving Defendant Jackley," further "participation in cases involving Defendant Jackley creates an appearance-of-impartiality [sic] concern." Id. at 3 (capitalization in original omitted). This Court did not recuse itself in the District of South Dakota case cited by Moore.[1] Instead, that case was transferred from this Court in accordance with the District of South Dakota's process for assignment of civil cases.[2] Other than sharing Jackley as a common defendant, the case cited by Moore has no bearing on the current action.

Second, Moore alleges that "a clear pattern of recusal" by other judges in the District of South Dakota in his related actions warrants recusal. Doc. 6 at 4 (capitalization in original omitted). Moore alleges that "[f]our of the five active and senior judges in the District of South

---

[1] Moore cites to AstraZeneca Pharm. LP v. Jackley, No. 4:25-CV-04156-RAL (D.S.D. Aug. 14, 2025).

[2] An order of recusal was issued in this case, but was signed by Judge Karen E. Schreier on August 15, 2025. AstraZeneca, No. 4:25-CV-04156-RAL, Doc. 5 (D.S.D. Aug. 15, 2025). On that same day, the case was transferred to this Court. On August 18, 2025, the case was transferred to Judge Charles B. Kornmann.

2

Dakota have sua sponte recused themselves from [his] related § 1983 actions, all arising from the same underlying events as the instant case." Id. But no orders of recusal were issued in four of the related cases Moore references. See Moore v. Gering, No. 4:25-CV-04150-ECS (D.S.D. Aug. 6, 2025); Moore v. Minnehaha Cnty., No. 4:25-CV-04192-ECS (D.S.D. Oct. 3, 2025); Moore v. Haggar, No. 4:25-CV-04193-ECS (D.S.D. Oct. 3, 2025); Moore v. Smith, No. 4:25-CV-04194-ECS (D.S.D. Oct. 3, 2025). Instead, as with the other case Moore alleges this Court recused itself from, these cases were transferred in accordance with the District of South Dakota's process for assignment of civil cases. Moore v. Larson, No. 4:25-CV-04088-ECS (D.S.D. May 30, 2025) was initially assigned to Judge Camela C. Theeler, and Judge Theeler did enter an order of recusal. Id. at Doc. 4. Subsequently, the case was reassigned in accordance with the District of South Dakota's process for assignment of civil cases. Id. at Doc. 7. Before she was confirmed as a District Court Judge in the District of South Dakota, Judge Theeler was a state Circuit Court Judge in Minnehaha County. Because the undersigned never served as a state Circuit Court Judge, Judge Theeler's order of recusal has nothing to do with whether recusal of the undersigned is warranted.

Additionally, Moore alleges that an appearance of impropriety arises based on both this Court and Jackley being named as defendants in another pending case in the District of South Dakota, Lipsky v. Jackley, No. 4:25-CV-04136-RAL (D.S.D. July 21, 2025). Doc. 6 at 3. Moore alleges that "[a] judge's status as an adverse party to a litigant appearing before that same judge presents a clear scenario where impartiality might reasonably be questioned." Id. But this Court is not an adverse party to Moore, the litigant appearing before this Court in the present action, nor is this Court an adverse party to Jackley. Additionally, Moore is not a party to Lipsky v. Jackley. See Lipsky v. Jackley, No. 4:25-CV-04136-RAL, Doc. 1 (D.S.D. July 21, 2025).

3

Moore's statement that "[a] reasonable member of the public aware that the judge is concurrently a defendant in separate litigation involving the same state Attorney General would doubt the judge's ability to remain neutral[]" is conclusory and largely unsupported. Doc. 6 at 3. "Despite section 455(a)'s broad scope, it does not 'literally [extend] to any kind of doubtful behavior.'" United States v. Melton, 738 F.3d 903, 905 (8th Cir. 2013) (alteration in original) (quoting United States v. Sypolt, 346 F.3d 838, 839 (8th Cir. 2003)). Moore fails to allege even "doubtful behavior" in his motion for recusal, as he does not identify a connection between this Court's role in the present case and its role as a party in the other pending District of South Dakota case.³ Neither does Moore provide an explanation for how or why a ruling favorable to Defendant Jackley in this case would benefit this Court in an unrelated case pending in this district. Moore's allegations are composed largely of "highly tenuous speculation" which, when it comes to motions for recusal, "will not do." In re Medtronic, Inc. Sprint Fidelis Leads Products Liab. Litig., 601 F. Supp. 2d 1120, 1126 (D. Minn. 2009) (quoting Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir.1987)). See also In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1313 (2d Cir. 1988) ("where an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality.").

Where a party "fail[s] to point to any facts establishing that the district judge's impartiality might reasonably be questioned[,]" as Moore does here, his motion to recuse should be denied. United States v. May, 70 F.4th 1064, 1073 (8th Cir. 2023). Absent bias or the appearance thereof, it is this Court's duty to oversee the matters assigned to it. Sw.

---

³ The record in Lipsky v. Jackley provides no further guidance on this point. This Court's name appears nowhere in the complaint filed in Lipsky aside from the caption. See generally Lipsky, No. 4:25-CV-04136-RAL, at Doc. 1.

Bell Tel. Co. v. FCC, 153 F.3d 520, 523 (8th Cir. 1998) (collecting cases). Because a "*reasonable* observer who is *informed of all the surrounding facts and circumstances*" would not find an appearance of partiality in this instance, this Court must fulfill its duty to hear the case before it. Cheney v. U.S. Dist. Ct., 541 U.S. 913, 924 (2004) (Memo. of Scalia, J.) (emphasis in original) (citation omitted).

Moore also requests that this Court recuse itself "from this matter and from all related cases filed by Plaintiff arising from the same underlying events[]" and lists his five other pending cases in the District of South Dakota. Doc. 6 at 5. This Court has issued orders in these cases fully explaining its decision to deny the identical motion for recusal Moore filed in each case.[4] Because this Court cannot address motions not filed in the present case, and because these motions have already been addressed in their respective cases, Moore's motions for recusal in his related cases are denied.

For the above reasons, it is hereby

ORDERED that Plaintiff's Motion for Recusal, Doc. 6, is denied.

DATED February 3, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

---

[4] Moore v. Larson, No. 4:25-CV-04088-ECS, Doc. 10 (D.S.D. Dec. 1, 2025); Moore v. Gering, No. 4:25-CV-04150-ECS, Doc. 8 (D.S.D. Dec. 1, 2025); Moore v. Minnehaha Cnty., No. 4:25-CV-04192-ECS, Doc. 6 (D.S.D. Dec. 1, 2025); Moore v. Haggar, No. 4:25-CV-04193-ECS, Doc. 7 (D.S.D. Dec. 1, 2025); Moore v. Smith, No. 4:25-CV-04194-ECS, Doc. 7 (D.S.D. Dec. 1, 2025).