UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA M. MOORE,<br><br>Plaintiff,<br><br>vs.<br><br>MARTY JACKLEY, in his official capacity as Attorney General of South Dakota; ERNEST THOMPSON, in his official capacity as Deputy Attorney General of South Dakota,<br><br>Defendants. | 4:25-CV-04191-ECS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

On December 5, 2025, Plaintiff Joshua Moore moved this Court to recuse itself. Doc. 6. Moore argued the Court's impartiality might reasonably be questioned because of its deviation from a "clear pattern of recusal" in the district and because this Court is named as a co-defendant with Attorney General Marty Jackley in a separate matter. Id.; see 28 U.S.C. § 455(a) (standard for judicial recusal). In a reasoned opinion denying the motion, the Court explained that any alleged "pattern of recusal" was based on Moore's conflation of case reassignment (a ministerial task) with recusal. Moore v. Jackley, No. 4:25-CV-04191-ECS, 2026 WL 396106, at *2 (D.S.D. Feb. 3, 2026). The Court further held that the mere fact of its status as co-defendant with Attorney General Jackley in separate litigation was insufficient to suggest an appearance of impropriety by remaining on this case. Id.

Moore moves the Court to reconsider. Doc. 8. While the Federal Rules of Civil Procedure do not address a "motion to reconsider," the Court construes such a motion, when interlocutory, under Federal Rule of Civil Procedure 54(b), which "recognizes the Court's 'inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment.'" Colombe v. United States, No. 5:24-CV-05069-ECS, 2025 WL 3063285, at *3 (D.S.D. Nov. 3, 2025) (quoting K.C. 1986 L.P. v. Reade Mfg., 472 F.3d 1009, 1016–17 (8th Cir. 2007)). A court "has wide discretion" over whether to grant such a motion, and "[o]nly abuse of that discretion, manifested by 'clearly erroneous factual findings or erroneous legal conclusions,' will warrant reversal of the Court's decision." Id. (quoting SPV-LS, LLC v. Transamerica Life Ins. Co., 912 F.3d 1106, 1111 (8th Cir. 2019)). "A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law." Interpreter Servs. v. BTB Techs., Inc., No. CIV. 10-4007, 2012 WL 984279, at *2 (D.S.D. Mar. 22, 2012) (quoting Schrag v. Dinges, 144 F.R.D. 121, 123 (D. Kan. 1992)).

Moore argues this Court "misapprehended both the facts and the governing law" with its previous order. Doc. 9 at 6. In support, Moore reasserts his erroneous assessment that the previous administrative transfers of his cases were recusals. Id. at 4. The Court did not misapprehend that understanding when it issued its first order. Rather, it explained to Moore his confusion. Moore, 2026 WL 396106, at *1–2. As for governing law, the Court evaluated itself "on an objective basis," pursuant to the command of 28 U.S.C. § 455(a), just as Moore would have the Court do. Id. (quoting Liteky v. United States, 510 U.S. 540, 548 (1994)); see Doc. 9. In doing so, the Court found that it would be shirking its responsibility "to oversee the matters assigned to it" by recusing from this matter when no bias, nor the appearance of impropriety,

could objectively be found. Id. at *2 (quoting Sw. Bell Tel. Co. v. FCC, 153 F.3d 520, 523 (8th Cir. 1998)). The Court remains confident in the correctness of its decision. It is therefore

ORDERED that Moore's Motion for Reconsideration, Doc. 8, is denied.

DATED this 18th day of February, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE